FILED
OCT - 1 2014
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CRISTOPHER M. CRISTEA, and ) <br> DAVID COREY TOLLE, ) <br> ) <br> Defendants. ) | No. **4:14CR00311 CEJ/DDN** |

## INDICTMENT

### COUNT ONE
(Conspiracy)

The Grand Jury charges:

Beginning on or about August 21, 2009, with the exact date or dates unknown to the Grand Jury, and continuing until the present time, in the Eastern District of Missouri and elsewhere,

CRISTOPHER M. CRISTEA, and
DAVID COREY TOLLE,

the defendants herein, did knowingly and willfully combine, conspire, confederate and agree together and with each other to commit an offense against the United States, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

### MANNER AND MEANS OF THE CONSPIRACY

The allegations of Paragraphs 1 through 5 of Count Two of this indictment are hereby realleged and incorporated by reference as if fully set forth herein.

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO
(Wire Fraud)

The Grand Jury further charges:

1. Beginning on or about August 21, 2009, with the exact date or dates unknown to the Grand Jury, and continuing until the present time, in the Eastern District of Missouri and elsewhere,

CRISTOPHER M. CRISTEA, and
DAVID COREY TOLLE,

the defendants herein, devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises from persons who invested money with and lent money to Cristol Enterprises, LLC.

2. At all times pertinent herein, Cristopher M. Cristea ("CRISTEA") and David Corey Tolle ("TOLLE") did business through Cristol Enterprises, LLC, a Nevada limited liability company. At times, the defendants also used and operated under other business names, including Cristea Holdings, LLC, and Charis Minerals.

3. At all times pertinent herein, Cristea Holdings, LLC, maintained a bank account at Commerce Bank, N.A. ("Commerce Bank") a federally insured financial institution.

4. At all times pertinent herein, CRISTEA maintained a personal bank account at Commerce Bank.

5. This scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises was carried out in the following manner:

2

a. On or about May 22, 2009, CRISTEA and TOLLE formed Cristol Enterprises, LLC, a Nevada Limited Liability Company.

b. CRISTEA and TOLLE solicited individuals to invest money with and lend money to Cristol Enterprises, LLC, which purported to be in the business of exploring for and extracting valuable minerals, such as gold, silver, copper, lead and zinc, through mining operations in the western United States, including in Arizona and Oregon.

c. CRISTEA and TOLLE falsely represented to the persons who invested money with and lent money to Cristol Enterprises, LLC, that the money which these persons invested and lent would be used to purchase property and equipment, and for administration and other capital expenses in connection with the exploration for minerals and the operation of mines in the western United States.

d. CRISTEA and TOLLE falsely represented to the persons who invested money with Cristol Enterprises, LLC that those investors would receive large returns on their investments, often over a short period of time. For example, in one instance an investor was advised the investor would receive a return of 140% of the investor's original investment quarterly. In another instance, an investor was advised that the investor would receive a return of ten times of the investor's original investment within one year.

e. CRISTEA and TOLLE falsely represented to the persons who lent money to Cristol Enterprises, LLC that their loans would be paid back in full, and that the persons who lent money to Cristol Enterprises, LLC would receive an additional payment of either cash or stock in Cristol Enterprises, LLC. In addition, CRISTEA and TOLLE falsely represented to the persons who lent money to Cristol Enterprises, LLC that, if their loans were not repaid when

3

due, then such persons were to receive an additional $1,000 for every day that the loans were not repaid.

      f.      Beginning on or about October 8, 2009, and continuing until on or about August 30, 2010, approximately 14 individuals transferred approximately $781,275 to Cristol Enterprises, LLC in response to the false representations made by CRISTEA and TOLLE that this money would be used in connection with mining operations. All of this money was deposited initially into a bank account in the name of Cristea Holdings, LLC. The authorized signatories on this bank account were CRISTEA and another person.

      g.      Notwithstanding the fact that CRISTEA and TOLLE represented to the individuals who invested money with and lent money to Cristol Enterprises, LLC, that all of such money would be used in the exploration for minerals and the operation of mines, a substantial majority of the money which these individuals invested with and lent to Cristol Enterprises, LLC was used for personal expenditures and unrelated business expenses of CRISTEA and TOLLE. In at least one instance, without the knowledge or consent of the investors, CRISTEA used investor funds to provide student loans to beauty academy students rather than for the exploration for minerals and the operation of mines.

      h.      In at least one instance, funds from a later investor were used to repay an individual who earlier lent money to Cristol Enterprises, LLC.

      i.      When investors and lenders inquired about the status of their funds, those investors and lenders often faced stall tactics. Similarly, such investors and lenders were not truthfully advised that their funds had not been used on mining operations as represented and promised by CRISTEA and TOLLE.

6. On or about October 8, 2009, in the Eastern District of Missouri and elsewhere,

CRISTOPHER M. CRISTEA, and
DAVID COREY TOLLE,

the defendants herein, for the purpose of executing this scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and in attempting to do so, caused to be transmitted by means of wire communication in interstate commerce, certain signs, signals and sounds, that is, a wire transfer of funds in the amount of $50,000, from an account of T.V. and M.V. at UMB Bank, N.A., in Kansas City, Missouri, to an account of Cristea Holdings, LLC, at Commerce Bank, N.A., in Clayton, Missouri, which transfer was routed through the Federal Reserve Bank in New Jersey by means of the Fedwire system, and which funds constituted an investment by T.V. and M.V. in Cristol Enterprises, LLC.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE
(Wire Fraud)

The Grand Jury further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 5 of Count Two.

2. On or about May 26, 2010, in the Eastern District of Missouri and elsewhere,

CRISTOPHER M. CRISTEA, and
DAVID COREY TOLLE,

the defendants herein, for the purpose of executing this scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations

5

and promises, and in attempting to do so, caused to be transmitted by means of wire communication in interstate commerce, certain signs, signals and sounds, that is, a wire transfer of funds in the amount of $40,000, from an account of R.G. at Bank of America, N.A. N.Y., in New York, New York, to an account of Cristea Holdings, LLC, at Commerce Bank, N.A., in Clayton, Missouri, which transfer was routed through the Federal Reserve Bank in New Jersey by means of the Fedwire system, and which funds constituted an investment by R.G. in Cristol Enterprises, LLC.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR
(Wire Fraud)

The Grand Jury further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 5 of Count Two.

2. On or about May 28, 2010, in the Eastern District of Missouri and elsewhere,

CRISTOPHER M. CRISTEA, and
DAVID COREY TOLLE,

the defendants herein, for the purpose of executing this scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and in attempting to do so, caused to be transmitted by means of wire communication in interstate commerce, certain signs, signals and sounds, that is, a wire transfer of funds in the amount of $24,000, from an account of A.W. at U.S Bank, N.A, in St. Louis, Missouri, to an account of Cristea Holdings, LLC, at Commerce Bank, N.A., in Clayton, Missouri, which transfer was routed through the Federal Reserve Bank in New Jersey by means

of the Fedwire system, and which funds constituted an investment by A.W. in Cristol Enterprises, LLC.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE
(Money Laundering – Illegal Monetary Transaction)

The Grand Jury further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 5 of Count Two.

2. Among the persons who invested money with Cristol Enterprises, LLC, between October 2009 and August 2010, were persons referred to herein as "A.L." and "J.L." On or before October 19, 2009, A.L. and J.L. invested $50,000 with Cristol Enterprises, LLC.

3. On or about October 19, 2009, A.L. and J.L.'s $50,000 investment was deposited into the Cristea Holdings, LLC account at Commerce Bank.

4. On or about October 20, 2009, $52,000 was transferred from the Cristea Holdings, LLC account at Commerce Bank to CRISTEA's personal account at Commerce Bank.

5. On or about October 21, 2009, in the Eastern District of Missouri and elsewhere,

CRISTOPHER M. CRISTEA, and
DAVID COREY TOLLE,

the defendants herein, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is a transfer of $51,360.69, from an account of Cristopher M. Cristea at Commerce Bank, N.A., to Cristopher M. Cristea's American Express account at Wells Fargo Bank, N.A., in Weston, Florida, such property having been

Express account at Wells Fargo Bank, N.A., in Weston, Florida, such property having been derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
STEVEN A. MUCHNICK
JOHN M. BODENHAUSEN
Assistant United States Attorneys