UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 4:14-CR-00311-CEJ (DDN) |
| ) | |
| CHRISTOPHER M. CRISTEA, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO REVIEW AND REVOKE THE DETENTION ORDER OF THE MAGISTRATE JUDGE

COMES NOW Defendant, Christopher M. Cristea ("Cristea"), by and through counsel, and moves this Court pursuant to 18 U.S.C. § 3145(b) to (1) review the detention order issued by the magistrate judge and (2) admit Cristea to bail on a combination of conditions of release that will reasonably assure his appearance at trial and the safety of the community or any other person. Alternatively, Cristea requests a hearing at which he may present evidence and argument as to available conditions of release that will accomplish the same end. In support of this motion, Cristea states as follows:

### I. PROCEDURAL HISTORY AND RULES

**A.  Procedural History**

1. On October 1, 2014, Cristea was charged in a five count Indictment with conspiracy, wire fraud and money laundering. (Doc. 1). The Government alleges that Cristea made various false representations to investors who invested and lent money to Cristol Enterprises LLC, a company in the business of exploring for and extracting valuable minerals in the western United States.

1

2. On October 3, 2014, Cristea was arrested. That same day, Cristea was released on a $10,000.00 unsecured bond subject to various conditions. (Doc. 10).

3. On February 26, 2015, a Petition was filed seeking the revocation of Cristea's bond. (Doc. 52). The allegations in the petition dealt with the alleged violation of the bond condition that Cristea notify third parties of his indictment and that he not commit any offense in violation of the law. *Id.*

4. A hearing was held before the Hon. Noelle C. Collins on March 2, 2015. (Doc. 53). The transcript of that hearing was ordered and is part of the record (Doc. 57).

5. On March 25, 2015, the Magistrate issued her order which revoked Cristea's bond and committed him to custody pending trial. (Doc. 58). In that order, the Magistrate found that Cristea had failed to inform certain third parties of the federal case against him. (Doc. 58, p. 4-5). The Magistrate also found that Cristea has appeared to give false information to Midwest Regional Bank in paperwork submitted for a line of credit on December 2, 2014. (Doc. 58, p. 5). Based on the above, the Magistrate concluded that there was "no condition that could be imposed in which defendant would likely comply." (Doc. 58, p. 6).

6. The Magistrate thus revoked Cristea's bond and committed him to custody concluding that there was probable cause that Cristea committed an offense while on release. (Doc. 58, p. 6). The Magistrate also concluded that there was "clear and convincing evidence that [Cristea] violated the conditions of his release and is unlikely to abide by any condition or combination of conditions of release." *Id.* Cristea has since been incarcerated in the Lincoln County Jail since March 25, 2015.

B.  **Standard of Review**

7.  Cristea seeks a review of the Magistrate's detention order under 18 U.S.C. § 3145 (b), which provides that a person detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145 (b).

8.  When reviewing such a detention order, the district court must reach its own determination as to the propriety of detention, independent of the Magistrate's ruling. *See United States v. Delker*, 757 F.2d 1390, 1394-95 (3rd Cir. 1985). This means that the district court's review should proceed *de novo*. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985). *See also United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981)(noting that under prior bail reform act, court was not "constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer.").

9.  With respect to such a review, the district court also has the discretion to permit the Defendant to present or proffer additional evidence. *See, e.g., United States v. Levine*, 770 F. Supp. 460, 464 n.7 (N.D. Ind. 1991); *United States v. Freitas*, 602 F. Supp. 1283, 1293 (N.D. Cal. 1985).

10. Such a motion when filed must also be "determined promptly." 18 U.S.C. § 3145 (b). *See, e.g., United States v. Fernandez-Alfonso*, 813 F.2d 1571, 1573 (9th Cir. 1987)(finding that thirty days between defendant's motion for review and district court hearing violated the promptness requirement under the Bail Reform Act).

**C. Rebuttable presumption**

11. Here, the Magistrate's detention order was pursuant to 18 U.S.C. § 3148. Section 3148 provides that a person released on bond, "and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148 (a).

12. An order of revocation and detention is permitted, after a hearing, if the judicial officer:

(1) finds that there is –

    (A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; ***and***

(2) finds that –

    (A) based on the factors set forth in section 3142 (g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (b) (emphasis added).

13. In the instant case, however, because the Magistrate found that there was probable cause that Cristea committed an offense while on release, a rebuttable presumption arises. Section 3148 states as follows:

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. ***If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such***

4

***conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly***.

18 U.S.C. § 3148 (b) (emphasis added). Here, Cristea asserts that the Magistrate erred when she found that there were no conditions that would assure the safety of the community when she, in fact, did not entertain any other less onerous conditions short of detention.

14. The Bail Reform Act ("the Act") preserves the preference for release of the accused pending trial. *See United States v. Salerno*, 481 U.S. 739 (1987). Liberty is the norm under the Act, detention the carefully limited exception. *Id.* at 755. As the Eighth Circuit has noted:

> The passage of the pretrial detention provision of the 1984 Act did not . . . signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about a '***small but identifiable group of particularly dangerous defendants*** as to whom neither the imposition [sic] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons.'

*United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985) (quoting S. Rep. No. 225, 95th Cong., 1st Sess. 6-7 *reprinted* in 1984 Code Cong. & Ad.News at 3189) (emphasis added).

15. Consistent with the intent of Congress, the Act encourages release of the accused pending trial provided some condition or combination of conditions can ***reasonably assure*** the appearance of the accused at trial and the safety of the community or any other person. *Orta*, 760 F.2d at 890-91. To further this end, the Act provides a "wide range of restrictions." *Id.* at 891.

16. Doubts regarding the propriety of release should be resolved in favor of the accused. *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

17. While it is true that there is a rebuttable presumption, the presumption should operate no differently than those who are charged with certain statutory offenses to which the same presumption applies. For example, Section 3142 identifies a number of offenses for which a rebuttable presumption arises if the court finds probable cause that those identified offenses have been committed. *See* 18 U.S.C. § 3142 (e)(3). Thus, if a defendant is charged by indictment (meaning that a grand jury has found probable cause) of certain drug offenses or offenses against minors, a presumption arises that no condition or combination of conditions will suffice to reasonably assure the appearance of the accused for trial and the safety of the community. *Id.*

18. Similarly, because the Magistrate found probable cause that an offense was committed while on pre-trial release, Cristea contends that he is in the same procedural posture as if he had been charged by grand jury for one of the enumerated offenses for which the presumption applies in Section 3142 (e)(3). The fact that an offense was allegedly committed after Cristea was granted pre-trial release should make no difference as the rebuttable presumption mentioned in Section 3142 (e) is worded similarly to that found in Section 3148 (b). Thus, Cristea contends that the rebuttable presumption in Section 3148 (b) should operate in the same manner as it does in Section 3142 (e).

19. The rebuttable presumption imposes on the defendant a burden to produce evidence to rebut the detention presumption. *See United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003). *See also United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989)(applying burden of production to rebuttable presumption in Section 3148 (b) cases).

20. Once some evidence is produced to rebut the presumption, the presumption does not disappear – rather it remains as a factor for the court to consider. *See Abad*, 350 F.3d at 798. At no point, however, does the burden of persuasion shift to the defendant. The burden of persuasion remains on the Government to prove by clear and convincing evidence that pre-trial detention is warranted.[1] *See, e.g., United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991)(noting that defendant must produce some evidence and that presumption retains evidentiary weight, but burden of persuasion remains on government); *United States v. Bosquez-Villarreal*, 868 F.2d 1388, 1389 (5th Cir. 1989)(noting that government retains ultimate burden of persuasion); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985)(same).

21. In the instant case, Cristea contends that the Magistrate erred in concluding by clear and convincing evidence that he is "unlikely to abide by any condition or combination of conditions of release." It is clear from the Order of Detention that the Magistrate relied solely on the presumption in coming to this conclusion. This is because the Magistrate did not consider any other conditions short of detention that could be imposed. Rather, the Magistrate summarily concluded that no condition could be imposed that the defendant would comply with because he had already violated the conditions of his release. And, in doing so, the Magistrate erred. *See United States v. Savides*, 658 F. Supp. 1399, 1406 (N.D. Ill. 1987)(noting that magistrate cannot point solely to presumption as clear and convincing evidence that bail must be denied). As will be explained in Part III, below, there are a number of conditions that imposed in combination with each other could reasonably assure that the defendant will not pose a further danger to the community.

---

[1] The Government's burden is to show by a preponderance of the evidence that the defendant is a flight risk, but if the Government chooses to rely on an argument that the defendant poses a danger to the community, the burden is by clear and convincing evidence. *See United States v. Himler*, 797 F.2d 156, 161 (3rd Cir. 1986).

## II. THERE IS NO EVIDENCE OF RISK OF FLIGHT.

22. The Magistrate's detention order is clearly predicated on Cristea's alleged danger to the community. No mention whatsoever is made that Cristea presents a flight risk, nor was it even argued at the revocation hearing.

23. That being said, to satisfy the burden of production in this regard, Cristea points to and relies on the original bail report. (Doc. 12). The bail report notes that Cristea is a long-time Missouri resident with a wife and four kids. The report further notes that he has no criminal history. As such, the report concluded that he was not a flight risk and recommended an unsecured bond in the amount of $10,000.00.

24. To the extent necessary, Cristea is also prepared to present at a hearing in this matter, his willingness to entertain a much higher secured bond, as well as other family members willing to act as third-party custodians. This should be sufficient to satisfy the burden of production in this regard. *See Abad*, 350 F.3d at 798 (noting that defendant had met burden of production by relying on pre-trial report, letters from members of his community and evidence the family was willing to act as third-party custodians).

25. Finally, Cristea does not wish to flee and has expressed no intent to do so. *See e.g., United States v. Allen*, 891 F. Supp. 594, 599 (S.D. FL. 1995) (expression of intent to flee properly bears on flight risk determination).

## III. THE MAGISTRATE DID NOT PROPERLY ANALYZE THE DANGER TO THE COMMUNITY OR ANY OTHER PERSONS IN THAT SHE DID NOT CONSIDER OTHER LESS ONEROUS ALTERNATIVES SHORT OF DETENTION.

26. The magistrate deemed Cristea a danger to the safety of the community or any

other person against which no combination of conditions of release could reasonably assure. In doing so, the court appeared to rely on three factors: (1) evidence that Cristea falsified loan application information; (2) evidence that Cristea gave false information to victims since his release; and (3) evidence of his failure to inform third parties of the pending Indictment. (Doc. 58, p. 5).

27. Thus, it is clear that the Magistrate believed that no conditions could reasonably assure the safety of the community solely because of Cristea's aforementioned violations. However, Section 3148 notes that the Court should consider whether there are conditions of release that could satisfy the safety of the community and whether that person will abide by such conditions. Here, the Magistrate jumped to the conclusion that Cristea would not abide by any conditions without considering whether any such conditions existed.

28. The record demonstrates that Cristea did abide by other conditions. For example, one of the conditions is that he surrender his passport, which he did on October 15, 2014. (Non-numbered docket entry after Doc. 19). Moreover, there was no evidence presented that he failed to report as required by the pre-trial officer. Thus, the record demonstrates a level of compliance with various conditions of his pre-trial release. The question then becomes whether there exist certain conditions that could be imposed to protect the community in light of these violations.

29. Here, revocation was an extreme measure, most notably when one compares how the pre-trial office treats defendants who are required to undergo periodic drug testing. For example, a typical defendant who fails a drug test for the first time is not automatically revoked. Based on the undersigned's experience, it usually takes a number of failed drug tests before the pre-trial office moves for revocation. Each time a defendant uses illicit drugs, he or she is

violating the conditions of release in that they are committing a criminal offense. And, there is probable cause that such an offense was committed by virtue of the failed drug test. Yet, the answer is not to revoke the defendant's bond after a first or a second failed drug test, rather the solution is to impose more stringent release conditions, as opposed to outright detention. The same should have been considered in the instant case.

30. For example, if there is concern that Cristea will try to obtain additional loans or credit, a simple condition could be imposed that Cristea not apply for a loan or credit without permission from his pre-trial officer.

31. Additionally, if there is concern for current investors and potential investors if Cristea is to be released, a condition could be imposed that all of Cristea's business operations of whatever nature, be turned over to a third party. Or he could be required to divest himself of authority in all such businesses.

32. Other precautions could be imposed to further protect the public. For example, Cristea could be required to close all business-related accounts and only keep his personal account. He could further be ordered, either directly or indirectly, from making any transactions in those accounts.

33. Less onerous conditions also exist short of detention that will ensure the safety of the community. For example, any of the following conditions, either individually or in combination with each other could be considered:

(a) home confinement;

(b) electronic monitoring;

(c) pen registers on telephones to ensure no contact with investors;

(d) a much higher secured bond; and/or

(e) prohibition on computer use.

34. Still other conditions could be imposed, and Cristea is prepared to offer them at the hearing if so required. For example, other family members could post portions of a higher bond amount either in cash or secured with property. That way, if Cristea violates his release conditions, he is not only putting himself at risk, but the cash and property of his family members that would post bond on his behalf.

35. Most importantly, it should not be forgotten that Cristea has no prior criminal history, nor has he ever served any time in jail. The more than six weeks that Cristea has spent in the Lincoln County jail should serve as a sufficient warning and omen if he were to violate another release condition. During that time, he has been deprived of having a relationship with his wife and four children. If he were to be released on additional conditions, the undersigned is confident that he would abide by those conditions considering what he has already lost by failing to abide by those conditions in the first place.

36. Without taking into account and considering other conditions, Cristea cannot be placed in the "small but identifiable group of particularly dangerous defendants as to whom neither the imposition [of] stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or any other person." *Orta*, 760 F.2d at 890. Indeed, there is nothing to suggest that some combination of the above conditions would not reasonably assure the safety of the community or any other person.

37. Thus, Cristea's detention proves inconsistent with the Act and the legislative history that informs it, and as such, the Magistrate's detention order should be revoked.

WHEREFORE, Cristea respectfully request this Honorable Court admit him to bail on a combination of conditions of release or, in the alternative, schedule a hearing at which he may present evidence and argument as to available conditions of release that will reasonably assure his appearance at trial and the safety of the community or any other person.

Date:   May 6, 2015

> Respectfully submitted,
>
> ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC
>
> By:   /s/ Gilbert C. Sison
> GILBERT C. SISON, #52346MO
> 120 S. Central Avenue, Suite 130
> Clayton, Missouri 63105
> Telephone:  (314) 862-4332
> Facsimile:  (314) 862-8050
> E-mail:  gsison@rsrglaw.com
>
> *Attorney for Defendant, Christopher M. Cristea*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Cause No. 4:14-CR-00311-CEJ (DDN) |
|  | ) |  |
| CHRISTOPHER M. CRISTEA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2015, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Howard J. Marcus, Assistant United States Attorneys.

**Motion to Review and Revoke the Detention Order of Magistrate Judge**

                                        ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

By:    /s/ Gilbert C. Sison
           GILBERT C. SISON, #52346MO
           120 S. Central Avenue, Suite 130
           Clayton, Missouri 63105
           Telephone: (314) 862-4332
           Facsimile: (314) 862-8050
           E-mail: gsison@rsrglaw.com

*Attorney for Defendant, Christopher M. Cristea*